**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DUSTIN WILLIAM BRUNTON, | ) | CASE NO. 5:20-cv-2233 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | |
| KILOLO KIJAKAZI, *Acting Comm'r of Soc. Sec.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

On October 2, 2020, Plaintiff Dustin William Brunton (Plaintiff) filed his Complaint (R. 1) challenging the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Pursuant to Local Rule 72.2, the case was referred to a Magistrate Judge.

On December 9, 2021, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge recommends that the Court AFFIRM the Commissioner's decision. (R. 21). Plaintiff filed objections within the fourteen-day deadline. (R. 22). The Commissioner filed a response. (R. 23).

For the reasons below, Plaintiff's objections (R. 22) are OVERRULED and the Report and Recommendation (R. 21) is ADOPTED.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to

conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted); *United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.")

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard ... presupposes that there is a *zone of choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added). Therefore, if substantial evidence supports the ALJ's decision, a court must defer to that finding "even if there is substantial evidence in the

record that would have supported an opposite conclusion." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II. Analysis

### A. Background

Plaintiff's Brief on the Merits set forth three assignments of error: (1) the appointment of Andrew Saul as Commissioner of the Social Security Administration violated the separation of powers, rendering the ALJ's decision, whose authority is derived from the Commissioner, constitutionally defective; (2) the RFC was not supported by substantial evidence; and (3) the ALJ erred by finding that Plaintiff and his wife were not credible. (R. 14, PageID# 681).

### B. Objections

#### 1. Need to Elevate Plaintiff's Legs

Plaintiff objects to the R&R's finding that Plaintiff failed to raise an assignment of error with respect to his alleged need to elevate his legs. (R. 22, PageID# 804). The R&R found that "Brunton has waived his contentions regarding the VE's testimony on an individual's need to elevate his legs by raising them for the first time in reply." (R. 21, PageID# 798).

Plaintiff takes issue with that determination, noting that he cited his own hearing testimony regarding the alleged need to elevate his legs in his initial brief.[1] (R. 22, citing R. 14, PageID# 695). An ALJ is not required to accept a claimant's subjective complaints. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); *accord Sorrell v. Comm'r of Soc. Sec.*, 656 Fed. App'x 162, 173 (6th Cir. 2016).

Plaintiff's contention merely suggests that because edema (swelling) in his lower legs

---

[1] The VE had testified at the hearing that the need to consistently elevate one's legs at 45 degrees or higher would require a special accommodation. (Tr. 86-87).

3

was noted, the ALJ should have credited such a limitation. (R. 14, PageID# 695). This fragment of an argument is buried in Plaintiff's argument that the ALJ erred by finding Plaintiff failed to meet or medically equal any listing. (R. 14, PageID# 691-696). Plaintiff provided no meaningful analysis arguing why the ALJ's determination rises to reversible error. The Court cannot take such an undeveloped issue and transform it into a substantive argument without improperly becoming an advocate for Plaintiff. It is well established that "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *See, e.g., Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. App'x 464, 2003 WL 23140056, at *1 (6th Cir. 2003) (*citing United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)) (rejecting perfunctory argument); *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), *cert. denied*, 523 U.S. 1050, 118 S. Ct. 1370, 140 L. Ed. 2d 518 (1998) (same); *McClellan v. Astrue*, 804 F. Supp.2d 678, 688 (E.D. Tenn. 2011) (court under no obligation to scour record for errors not identified by claimant).[2]

Furthermore, the ALJ's decision clearly did not ignore Plaintiff's allegation of a need to elevate his legs, but found the evidence did not support his allegation:

> This medical evidence for a very brief and successful course of non-medication treatment for the symptom of edema in both lower extremities is not consistent with the claimant's general allegation that chronic swelling in the lower extremities has persisted despite treatment and, at all points since the alleged onset date, requires him to lie on his couch with both legs elevated under a pillow for 80% of a typical day. To the contrary, it shows that conservative measures have proven beneficial for the lymphedema in the legs and for swelling associated with the musculoskeletal condition affecting the left ankle and foot.

---

[2] The *McPherson* court aptly stated: "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." 125 F.3d at 995-996 (internal citations omitted); *accord Paul v. Detroit Edison Co.*, 642 Fed. App'x 588, 592 (6th Cir. 2016); *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, No. 3:15-cv-666, 2017 U.S. Dist. LEXIS 188005, *8 (N.D. Ohio, Nov. 14, 2017) (declining to "add flesh to the bones of a party's skeletal ... argument") (Carr. J.).

> Additionally, the physical therapist did not instruct elevation of the legs but rather encouraged activity on the legs along with simply wearing the compression stockings regularly to reduce swelling (Ex. 10F/2,14).

(Tr. 27). Moreover, while the R&R deemed Plaintiff's argument related to leg-elevation and the VE's testimony waived, it did explain that: "Substantial evidence also supports the ALJ's finding…. Such evidence includes: (1) treatment notes indicating Brunton's edema had improved or was not even mentioned in treatment (Tr. 416, 448, 456-457, 460, 473, 477-480, 484-486, 522, 531); … (3) treatment notes recommending conservative treatment through increased activity and the use of compression socks (Tr. 448-449, 457); and (4) Brunton's travel to Wisconsin two months prior to his wife's report that he could not (Tr. 291, 298, 598)." (R. 21, PageID# 797).

Therefore, the Court finds no merit to Plaintiff's first objection and it is overruled.

**2. Constitutional Argument**

In his second objection, Plaintiff contends "[t]he R&R incorrectly found that Plaintiff had no standing to raise the improper appointment of Andrew Saul as Commissioner as he had not alleged a particularized injury (R&R at 43-44)." (R. 22, PageID# 805). Plaintiff's objection fails to identify with any specificity any shortcoming with the R&R's lengthy and well-reasoned analysis (R. 21, PageID# 799-802), and constitutes a mere disagreement with the Magistrate Judge's recommended resolution of the matter. Again, Plaintiff's perfunctory objection would leave it to this Court to identify a deficiency in the R&R and craft an argument on Plaintiff's behalf.

The second objection, therefore, is not sufficiently specific, and amounts to a "general objection" that simply disagrees with the Magistrate Judge's suggested resolution and "has the same effects as would a failure to object." *Howard*, 932 F.2d at 509). Accordingly, Plaintiff's

second objection is overruled.

### 3. Spouse's Report

Plaintiff's third objection is also insufficiently specific. To summarize the R&R, it concluded as follows:

> As to Lisa Brunton's evaluation, the ALJ likewise applied proper legal standards and made a determination supported by substantial evidence in finding her evaluation only "partially consistent." 42 U.S.C. § 405(g); *Rogers*, 486 F.3d at 241. The ALJ identified his obligation to consider Ms. Brunton's evaluation under SSR 16-3p, noting it in the heading and in articulating the standards for determining Brunton's RFC. (Tr. 23, 34). Moreover, the ALJ properly applied this standard by comparing the consistency of Ms. Brunton's opinion with Brunton's own statements and the record evidence. 2016 SSR LEXIS 4, at *17-18. Although the ALJ did not specifically outline conflicts between Ms. Brunton's evaluation and the evidence in this section of his decision, in the preceding paragraph, the ALJ summarized Ms. Brunton's assessment. Reading the decision as a whole and with common sense, the ALJ articulated conflicts arising from: (1) Brunton's improved peripheral vascular disease and decreasing weight, (2) Brunton's own statements reporting improvement in his mental health, (3) conservative treatment of his leg pain and swelling, and (4) Brunton's travel to Wisconsin. S*ee Buckhannon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678–79 (7th Cir. 2010) (noting that the court "read[s] the ALJ's decision as a whole and with common sense"); (Tr. 34-35).
>
> The ALJ also found that Ms. Brunton's report was inconsistent with the medical evidence because she reported mood swings between mania and depression that the medical evidence did not mention. (Tr. 35). However, the medical evidence did indicate Brunton reported experiencing mood changes. (*See* Tr. 544, 566). ***Although the ALJ overstated the lack of support for that <u>one aspect</u> of Ms. Brunton's report, the other findings, as discussed below, are supported by substantial evidence***; thus, rendering any error in this regard harmless. *Fisher*, 869 F.2d at 1057. As a result, the ALJ built a logical bridge between his assessment of Ms. Brunton's function report and the other record evidence, finding that her report was only partially consistent. *Fleischer*, 774 F. Supp. 2d at 877.

(R. 21, PageID# 797) (emphasis added).

Plaintiff's objection states that the R&R determined that "*the ALJ's finding* that the report of Plaintiff's wife was inconsistent with the medical evidence *was incorrect*." (R. 22, PageID#

6

805) (emphasis added). Given the above quoted passage, Plaintiff's characterization distorts the R&R's finding, and the objection is not otherwise persuasive. The R&R expressly found that "substantial evidence" supported the ALJ's determination and cited the records in support, that Plaintiff's brief merely attempted to support his spouse's statements with references to his own testimony, and that Plaintiff's allegations of "cherry-picking" amounted to "nothing more than a request for the court to re-weigh record evidence, which we cannot do." (R. 21, PageID# 797).

Plaintiff's additional vague and unexplained contention that "[t]he ALJ's overstating the evidence which supported his position … was indicative of his analysis throughout the decision" does not identify any specific shortcoming or error in the R&R. (R. 22, PageID# 805). Again, the court must deny a general objection that merely disagrees with the Magistrate Judge's resolution of the matter. Accordingly, Plaintiff's third objection is overruled.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation, according to the above-referenced standard, and agrees with the findings set forth therein. In addition, the Court has considered and overruled Plaintiff's objections, for the foregoing reasons. Therefore, the Magistrate Judge's Report and Recommendation (R. 21) is hereby ADOPTED, and the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 30, 2022